# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| BILL MADDOX, individually and on behalf of all others similarly situated, | Case No. 1:26-cv-00092 |
| Plaintiff, | Judge Douglas R. Cole |
| v. | |
| CENTRAL STATES DERMATOLOGY SERVICES, LLC, doing business as DOCS DERMATOLOGY GROUP and as DOCS and as DERMATOLOGISTS OF CENTRAL STATES, | |
| Defendant. | |
| TONY HAMBLIN, individually and on behalf of all others similarly situated, | Case No. 1:26-cv-00093 |
| Plaintiff, | Judge Douglas R. Cole |
| v. | |
| CENTRAL STATES DERMATOLOGY SERVICES, LLC, doing business as DERMATOLOGISTS OF CENTRAL STATES and as DOCS and as DOCS DERMATOLOGY GROUP, | |
| Defendant. | |

1

| | |
|---|---|
| DAN BERTSOS, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>CENTRAL STATES DERMATOLOGY SERVICES, LLC, doing business as DOCS and as DOCS DERMATOLOGY GROUP and as DERMATOLOGISTS OF CENTRAL STATES,<br><br>and<br><br>DERMATOLOGISTS OF CENTRAL STATES, LLC, doing business as DOCS and as DOCS DERMATOLOGY GROUP, and as DERMATOLOGISTS OF CENTRAL STATES,<br><br>      Defendants. | Case No. 1:26-cv-00099<br><br>Judge Douglas R. Cole |

## PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL

Pursuant to Rules 42 and 23(g)(3) of the Federal Rules of Civil Procedure, Plaintiffs Bill Maddox, Tony Hamblin, and Dan Bertsos ("Plaintiffs"), respectfully request (1) that the above-captioned proposed class actions (the "Related Actions") filed by Plaintiffs on January 29 and 30, 2026, be consolidated into the first-filed action, *Maddox v. Central States Dermatology Services, LLC,* No. 1:26-cv-00092 ("*Maddox*"), and (2) that Terence R. Coates of Markovits, Stock & DeMarco, LLC be appointed Interim Class Counsel for Plaintiffs ("Proposed Interim Class Counsel").

Plaintiffs reply on the following Memorandum of Law in support of their Motion. A Proposed Order is submitted herewith for the Court's consideration.

2

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO
CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL**

**I.     BACKGROUND**

These Related Actions arise from a data breach of private information from a chain of dermatology offices across a wide area of the United States, operated by Defendants Central States Dermatology Services, LLC, and Dermatologists of Central States, LLC, doing business variously as DOCS Dermatology Group, DOCS and Dermatologists of Central States. In the ordinary course of conducting their business, Defendants gathered and maintained certain categories of information from Plaintiffs and putative Class Members, who are Defendants' current and former patients, in exchange for providing their services. Plaintiffs and Class Members provided their private information to Defendants with the reasonable expectation and on the mutual understanding that Defendants would comply with their obligations to keep such information confidential and secure from unauthorized access.

Upon information and belief, between November 19, 2025, and November 27, 2025, an unauthorized actor accessed Defendants' network and exfiltrated sensitive Private Information ("Data Breach").

The Private Information intruders accessed and infiltrated from Defendants' systems contained names, addresses, email addresses, phone numbers, dates of birth, Social Security numbers, treatment/diagnosis information, prescription/medication information, dates of service, provider names, medical record numbers, patient account numbers, Medicare/Medicaid ID numbers, health insurance information, and/or medical billing/claims information. Plaintiffs allege they and others similarly situated suffered various injuries as a result of Defendants' failure to safeguard the sensitive protected identifying information entrusted to it.

To date, three class actions have been filed in this Court related to the Data Breach

("Related Action"). Counsel in the Related Actions acted promptly to coordinate their efforts and to move forward efficiently, and now seek to consolidate these actions to streamline the efficient prosecution of this litigation. The cases arise from the same common nucleus of operative facts and assert the same, or substantially similar, claims on behalf of the same class, and all have a common defendant in Central States Dermatology Services, LLC.[1] Given the nature of the allegations in this case, additional copycat suits may be filed against the Defendants. Plaintiffs' counsel for the Related Actions have self-organized to avoid any delay that could be caused by a leadership dispute, and now seek the Court's approval of this structure to facilitate the orderly and expeditious prosecution of this litigation.

## II.  LEGAL STANDARD

The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42(a); *see also Bell v. Willis*, No. 1:07-CV-212, 2007 WL 4338135, at *1 (E.D. Tenn. Dec. 10, 2007) ("Federal Rule of Civil Procedure 42(a) provides the Court with discretion in deciding whether to consolidate two or more cases when they involve a common question of law or fact."); *see also Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010-11 (6th Cir.1993). A district court is given

---

[1] The third action, *Bertsos*, also names an additional defendant, Dermatologists of Central States, LLC, understood to be an affiliate of the other defendant all the actions have in common.

4

"broad discretion to decide whether consolidation would be desirable." 9 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 2383 (2d 2007).

Civil Rule 23(g)(3) explicitly permits a court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual for Complex Litig.* § 21.11 (4th ed. 2004); *see also In re Am. Honda Motor Co., Inc.*, No. 2:15-MD-2661, 2015 WL 12723036, at *1 (S.D. Ohio Dec. 18, 2015) (same).

When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Fed. R. Civ. P. 23(g)(1)(A). *Kjessler v. Zaappaaz, Inc.*, No. 4:17-CV-3064, 2018 WL 8755737, at *3 (S.D. Tex. Aug. 31, 2018) (citing *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016)); *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008). Under the rule, a court appointing class counsel must evaluate whether the proposed counsel will fairly and adequately represent the interests of the class. *See* Fed. R. Civ. P. 23(g)(2), (4).

In doing so, a court must consider the following factors: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A), (2). The court, in its discretion, may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The purpose of a court's review is to ensure that counsel

5

appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all the parties on their side, and that their charges will be reasonable." *Manual for Complex Litig.* § 10.22. The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221.

### III. ARGUMENT

#### A. The Related Actions Should be Consolidated.

The moving Plaintiffs respectfully request and jointly agree that the Related Actions be consolidated. The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.

Here, consolidation of the Related Actions is warranted, as the actions require proof of the same basic set of facts. Specifically, each of the Related Actions focuses on whether the Defendant is liable to customers for its failure to protect the Private Information entrusted to it by those customers. Since the Related Actions pending before this Court present many of the same factual and legal issues, involve the same Defendant, and will involve substantially the same discovery, consolidation is appropriate. *See Club v. ICG Hazard, LLC*, No. 11-cv-148, 2012 WL 12925351, at *2 (E.D. Ky. Apr. 25, 2012) ("I find these actions involve common questions of law and fact and that consolidation is appropriate to avoid unnecessary costs and delay and to maximize judicial resources.").

Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests, duplicative motions practice, and would cause an unnecessary drain on judicial resources. This remains true despite minor variations in class definitions and state-specific causes of action in the Related Actions. For these reasons, Ohio federal courts have routinely consolidated cases where several complaints are filed relating to the same data breach. *See generally* Orders

granting motions to consolidate in *Tate v. EyeMed Vision Care, LLC*, No. 1:21-cv-55 (S.D. Ohio Feb. 24, 2021); *In re Luxottica of Am., Inc Data Security Breach Litigation*, No. 1:20-cv-908 (S.D. Ohio), ECF No. 5; *Tucker v. Marietta Area Health Care, Inc. d/b/a Memorial Health System*, No. 2:22-cv-184 (S.D. Ohio), ECF No. 6, *Davis v. Cinfed Federal Credit Union*, No. 1:23-cv-776 (S.D. Ohio), ECF No. 8; *Jarvis v. Ciuni & Panichi, Inc.,* No. 1:25-cv-669 (N.D. Ohio), ECF No. 8.

In addition, to ensure continued judicial efficiency, Plaintiffs also respectfully submit that the Court should order that any future actions that are filed or transferred to this Court based on the same or similar facts and circumstances be consolidated with the Consolidated Action. *See Troy Stacy Enters. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 411 (S.D. Ohio 2021) ("All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action.").

Moreover, Defendant will suffer no prejudice by litigating one consolidated action rather than eight or more separate suits, and as a result, consolidation of the Related Actions would benefit all parties.

### B. Appointment of Interim Class Counsel is Appropriate and Will Facilitate the Efficient Litigation of this Matter.

Rule 23(g)(3) provides that "[t]he court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Similarly, the *Manual for Complex Litigation* § 10.22 (4th ed. 2023) ("MCL") recommends that the Court select and authorize one or more attorneys to act on behalf of other counsel and their clients early in complex litigation. Counsel so designated "assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel." *Id.* Importantly, the MCL specifically encourages "private ordering" whereby numerous counsel jointly come to a leadership consensus and submit their recommendation for appointment

7

to the court. See MCL § 21.272 ("By far the most common [method forselecting class counsel] is the so-called 'private ordering' approach: The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests."); *see also In re Aluminum Phosphide Antitrust Litig.*, Civ. A. No. 93–2452, 1994 WL 481847, at *5, *7 (D. Kan. May 17,1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel.").

Appointment of interim class counsel at this time will define the roles and responsibilities of the different plaintiffs' law firms presently in these cases, will encourage those so appointed to zealously invest their time and financial resources in the litigation, will eliminate doubt about their role in the litigation when additional related cases are filed, and will avoid distracting and protracted leadership contests if other related cases are later filed. Absent such an appointment, the future of the Class's claims could perilously be shaped not by the most qualified attorneys but rather by the attorneys who happen to reach a given issue first.

By appointing leadership for the class cases now, this Court ensures that discovery, motion practice, court presentations, and settlement negotiations proceed in the most efficient way possible. For these reasons, and in order to promote order out of the potential chaos associated with the litigation of multiple class cases at the same time, courts routinely designate interim class counsel at this stage.

Pursuant to Federal Rule of Civil Procedure 23(g)(1)(A), in determining an interim class leadership appointment, the Court "must consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge

of the applicable law; and (iv) the resources that counsel will commit to representing the class." The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(A). In appointing class counsel, the Court should not only "ensure that the lawyers appointed to leadership positions are capable and experienced" but also "that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds." *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* 38, (2d ed. 2018), https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=1004& context=bolch ("Duke Guidelines"). These factors all support the appointment of Interim Class Counsel, as the counsel "best able" to represent the interests of the class.

### 1. *Proposed Interim Class Counsel has coordinated Plaintiffs' efforts and investigated Plaintiffs' potential claims.*

Immediately after the public announcement of the Data Breach, Proposed Interim Class Counsel began investigating potential legal claims and remedies for the victims of the Data Breach, including Plaintiffs. Those investigations included, among other things:

- Reviewing Defendant's notices and investigative publications regarding the Data Breach;

- Reviewing state attorney general websites for information relating to the Data Breach, including attempting to determine the data sets impacted in the Data Breach and the potential number of individuals impacted in the Data Breach;

- Reviewing the draft and final complaints in the Related Actions;

- Reviewing relevant authorities from within the Sixth Circuit on data privacy matter; and,

- Coordinating with Plaintiffs' Counsel with the intention of streamlining this litigation including requesting to consolidate the Related Actions.

Accordingly, Plaintiffs' counsel worked to quickly organize, attempted to address the

9

merits on an expedited basis, and attempted to avoid any delay that could be caused by a leadership dispute. For the work completed following the informal organization of counsel, the only attorneys committing substantive time to an assignment are those necessary for its execution. This ensures that the work is completed efficiently, and the time and expense is well managed. Accordingly, the substantial work and investigation to date described above weigh in favor of appointing Proposed Interim Class Counsel pursuant to Rule 23(g)(3), as Proposed Interim Class Counsel is organized and committed to working for the best interest of the class.

### 2. *Proposed Interim Class Counsel, Terence R. Coates, Has Significant Relevant Experience*

Proposed Interim Class Counsel has proven management and leadership capabilities, excellent and diverse legal skills, and importantly, thorough knowledge of the subject matters and issues critical to this case. Proposed Interim Class Counsel will work well with Plaintiffs' Counsel (important to a cohesive, effective team) but is also willing to reach out to and incorporate others to utilize their talents where needed. An overview of proposed Interim Class Counsel's background appears below and fuller details of his qualifications and experience are included in the attached biography. *See* **Ex. A**.

Terence R. Coates is the managing partner of Markovits, Stock & DeMarco, LLC, President-Elect of the Cincinnati Bar Association's Board of Trustees, and the Executive Director of the Potter Stewart Inn of Court (Southwest Ohio). Courts in Ohio routinely appoint Mr. Coates to serve as a member of class counsel in class action cases while noting his and his firm's extensive experience with handling class action cases. *See Shy v. Navistar Int'l Corp.*, No. 3:92-CV-333, 2022 WL 2125574, at *4 (S.D. Ohio June 13, 2022) ("Class Counsel, the law firm Markovits, Stock & DeMarco, LLC [including Mr. Coates], are qualified and are known within this District for handling complex cases including class action cases such as this one."); *Bechtel v. Fitness*

10

*Equip. Servs., LLC*, 339 F.R.D. 462, 480 (S.D. Ohio 2021) ("plaintiffs' attorneys have appeared in this Court many times and have substantial experience litigating class actions and other complex matters."); *Compound Prop. Mgmt. LLC v. Build Realty, Inc.*, 343 F.R.D. 378, 402 (S.D. Ohio 2023) (recognizing Mr. Coates and his firm as "qualified counsel" with "class-action experience before this Court and elsewhere."); *see also Bedont v. Horizon Actuarial Servs., LLC*, No. 1:22-CV-01565, 2022 WL 3702117, *2 (N.D. Ga. May 12, 2022) (recognizing Mr. Coates as "well qualified to serve as Interim Co-Lead Class Counsel . . .").

### 3. *Proposed Interim Class Counsel has committed, and will continue to commit, the resources necessary to represent the putative class.*

A court appointing interim lead counsel should consider, in part, the resources that counsel will commit to representing the putative class. Fed. R. Civ. P. 23(g)(1)(C). Here, Proposed Interim Class Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located locally and across the country. Furthermore, Proposed Interim Class Counsel has already demonstrated his commitment to this litigation by moving to consolidate all pending cases in order to prepare for the filing of a single, consolidated complaint. Proposed Interim Class Counsel has the resources to fund and efficiently prosecute this litigation.

### 4. *Other Factors Support Designating Proposed Interim Class Counsel*

Notably, the proposed leadership structure has the support of all Plaintiffs and their attorneys. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at *5, *7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel . . . Absent persuasive evidence to the contrary, the court assumes that nominations and votes for lead counsel are made in good faith for reasons that benefit the client."); *see also In re Wendy's Co. S'holder Derivative Litig.*, No. 1:16-cv-1153, 2018 WL 6605394 at *2 (S.D. Ohio Dec. 17, 2018)

(quoting *Kubiak v. Barbas*, No. 3:11-cv-141, 2011 WL 2443715, at *2 (S.D. Ohio June 14, 2011)); *Manual for Complex Litig.* § 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"); *id*. § 10.272 (describing "private ordering" approach). Proposed Interim Class Counsel seeks this leadership structure to best serve the interests of the Class Members in the most efficient manner possible.

Another important consideration in selecting leadership is the ability to work well as a team, with opposing counsel, and with the Court. The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the court, all of which are "critical to successful management of the litigation." *Manual for Complex Litig.* § 10.23. One of the demanding aspects of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id*. § 10.21. Unlike defense counsel, the plaintiffs' side of consolidated litigation must quickly and effectively merge together to form an alliance against often well-financed opponents, as is the case here. It is useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." *See* Duke Guidelines, *supra*, at 43. Proposed Interim Class Counsel has developed working relationships with each of the other moving Plaintiffs' counsel listed below. These relationships and this experience will prove invaluable if any other cases are filed related to this Data Breach. *Id*.

Importantly, Proposed Interim Class Counsel has not made any agreements with any third parties or other law firms with respect to funding, cost-sharing, pooling clients, fees, or any other matter. Proposed Interim Class Counsel understands that his firm will be required to fund the prosecution of this litigation for Plaintiffs, and will not accept any third-party funding to do so.

While Proposed Interim Class Counsel intends to litigate the case zealously, he is fully

12

aware of the Court's expectation that the case be prosecuted efficiently with an eye on avoiding duplication among Plaintiffs' counsel. Proposed Interim Class Counsel has already discussed with the moving Plaintiffs' counsel how best to organize to effectively use their diverse skills and unique experiences for the efficient prosecution and management of this litigation, while avoiding unnecessary and duplicative billing.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court consolidate the Related Actions into the first filed *Maddox* action and appoint Mr. Coates as Interim Lead Class Counsel. A Proposed Order granting this Motion is attached.

Dated: January 30, 2026

Respectfully submitted,

*/s/ Terence R. Coates*
Terence R. Coates (0085579) – Trial Attorney
**MARKOVITS, STOCK & DEMARCO, LLC**
119 East Court Street, Suite 530
Cincinnati, Ohio 45202
Telephone: (513) 651-3700
Facsimile: (513) 665-0219
tcoates@msdlegal.com

*Proposed Interim Class Counsel*

Gary M. Klinger (*pro hac vice* forthcoming)
**MILBERG, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: 866.252.0878
Email: gklinger@milberg.com

Jeff Ostrow (*pro hac vice* forthcoming)
**KOPELOWITZ OSTROW P.A.**
1 W Las Olas Blvd, Suite 500
Ft. Lauderdale, FL 33301
Tel: (954) 525-4100
ostrow@kolawyers.com

Thomas E. Loeser (*pro hac vice* forthcoming)
**COTCHETT, PITRE & MCCARTHY LLP**

>1809 7th Avenue, Suite 1610
>Seattle, WA 98101
>Tel: (206) 970-8181
>Fax: (650) 697-0577
>Email: tloeser@cpmlegal.com
>
>*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2026, I served the foregoing upon counsel for Plaintiffs by electronic mail at the addresses given above, in accordance with Fed. R. Civ. P. 5(b)(2)(E), and upon Defendants by delivering it to a process server to be served with Summonses and Complaints herein, of which return will be made when served.

>*/s/ Terence R. Coates*
>Terence R. Coates (0085579)