# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

BILL MADDOX,

      **Plaintiff,**

          v.

CENTRAL STATES
DERMATOLOGY SERVICES, LLC,

      **Defendant.**

Case No. 1:26-cv-92

JUDGE DOUGLAS R. COLE

## OPINION AND ORDER

In November 2025, Defendant Central States Dermatology Services, LLC, experienced a data breach, leading to the theft of its patients' personally identifiable information and protected health information (Private Information). Three patients have since sued Central States Dermatology, in three different putative class actions, over its failure to protect their Private Information. Because the cases substantially overlap, the plaintiffs in the three separate actions—Bill Maddox, Tony Hamblin, and Dan Bertsos—now move to consolidate the cases and to appoint interim class counsel to oversee the consolidated class action. (Doc. 4). For the reasons briefly discussed below, the Court **GRANTS** Plaintiffs' motion, consolidating the cases, and **APPOINTS** Terence R. Coates as interim class counsel.

## BACKGROUND

Plaintiff Bill Maddox was a patient of Defendant Central States Dermatology Services, LLC, d/b/a DOCS Dermatology Group, DOCS, and Dermatologists of Central States. (Compl., Doc. 1, #1–2). As part of receiving care, Maddox as well as

other patients allegedly provided their personally identifiable information and protected health information to Central States Dermatology. (*Id.* at #2).

Between November 19 and November 27, 2025, however, "an unauthorized actor accessed Defendant's network and exfiltrated sensitive Private Information." (*Id.*). In other words, Central States Dermatology suffered a data breach. (*Id.*). That unauthorized actor stole a wide range of Private Information, such as "names, addresses, email addresses, phone numbers, dates of birth, Social Security numbers, treatment/diagnosis information, prescription/medication information, dates of service, provider names, medical record numbers, patient account numbers, Medicare/Medicaid ID numbers, health insurance information, and/or medical billing/claims information." (*Id.* at #2–3).

Maddox, on behalf of himself and other patients, claims that Central States Dermatology failed to take necessary steps to protect their Private Information. (*Id.* at #3). Specifically, he alleges that the Private Information was "Internet-accessible," it was not encrypted, and Central States Dermatology did not delete Private Information it no longer needed. (*Id.* at #3–4). Based on Central States Dermatology's failure to take what Maddox characterizes as basic data security steps, Maddox alleges a data breach of this nature was foreseeable. (*Id.* at #3). And not only did Central States Dermatology fail to adequately protect the information in the first place, Maddox also claims that it failed to inform him and other patients of the breach once it occurred. (*Id.* at #8).

While the theft of confidential information alone worries Maddox, he also asserts various other forms of harm resulted from the breach, including: present and future identity theft, costs from identify theft insurance and other measures to mitigate or prevent identify theft, credit freezes, decreased credit, time and resources spent proactively alerting third parties of the breach, and sheer anxiety and annoyance from the issue. (*Id.* at #3). Ultimately, he says, "exposure of one's Private Information to cybercriminals is a bell that cannot be un-rung." (*Id.* at #4).

On top of that, Central States Dermatology still maintains this Private Information, so Maddox fears that without adequate changes, a breach of this kind could happen again. (*Id.* at #19).

So on January 29, 2026, Maddox sued Central States Dermatology in a putative class action. (*See id.* at #20). He defines the proposed class as: "All persons residing in the United States whose Private Information was compromised in the Data Breach." (*Id.*). On behalf of himself and the class, then, Maddox asserts four causes of action: (1) negligence; (2) negligence per se due to violations of Section 5 of the Federal Trade Commission (FTC) Act and of the Health Insurance Portability and Accountability Act (HIPAA); (3) breach of implied contract; and (4) unjust enrichment. (*Id.* at #24–37).

Maddox was not the only patient troubled by this data breach though. Two other patients have also sued, and their cases are also pending before this Court. (*See* Complaint, *Hamblin v. Central States Dermatology Services, LLC*, No. 1:26-cv-93 (S.D. Ohio Jan. 29, 2026), Doc. 1; Complaint, *Bertsos v. Central States Dermatology*

3

*Services, LLC*, No. 1:26-cv-99 (S.D. Ohio Jan. 30, 2026), Doc. 1).[1] The three named plaintiffs quickly conferred, and on January 30, they filed a Motion to Consolidate and Appoint Interim Class Counsel. (Doc. 4). Central States Dermatology has not objected to that motion and instead responded by requesting an extension to answer pending resolution of this motion. (Doc. 14). On April 24, 2026, Central States Dermatology also requested the Court stay the case pending this motion, (Doc. 15), which the Court granted, (4/27/26 Not. Order). So the matter is both unopposed and ripe for the Court's review.

## LAW AND ANALYSIS

The Court begins with whether it should consolidate the three cases before addressing the appointment of interim class counsel. Ultimately, though, the Court agrees that the cases should be consolidated and appoints attorney Terence R. Coates to serve as interim class counsel.

### A.    The Court Consolidates the Three Actions.

Federal Rule of Civil Procedure 42(a) states "[i]f actions before the court involve a common question of law or fact, the court may … consolidate the actions." Consolidation "is a matter within the discretion of the trial court." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). Some factors for the trial court to consider when exercising that discretion are:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial

---

[1] Bertsos also sued Dermatologists of Central States, LLC, which appears to be a related entity.

> resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). For unobjected motions, as is the case here, "no error exists in the district court's consolidation of claims for trial in the absence of an objection to such consolidation or a motion for severance." *Id.* (citation omitted).

The Court finds that the three cases at issue here should be consolidated because they involve common questions of law and fact and Defendant would not suffer any prejudice. The three actions arise out of the same data breach involving Central States Dermatology's patients' Private Information. (*See* Doc. 1, #5; Doc. 1, #5, No. 1:26-cv-93; Doc. 1, #6–7, No. 1:26-cv-99).[2] And all three cases "focus[] on whether the Defendant is liable to customers for its failure to protect the Private Information entrusted to it by those customers." (Doc. 4, #51). They also assert almost identical claims for relief.[3] (*Compare* Doc. 1, #24–37, *with* Doc. 1, #24–34, No. 1:26-cv-93, *and* Doc. 1, #23–33, No. 1:26-cv-99). Looking at the factors listed above, consolidation will conserve time and resources. Discovery will be largely duplicative regarding information about the data breach and Defendant's cybersecurity

---

[2] The Court primarily cites to documents from the first-filed case involving Maddox, No. 1:26-cv-92. When the Court must cite to the other two cases, Nos. 1:26-cv-93 or 1:26-cv-99, the Court will include the relevant case number.

[3] While Hamblin's Complaint technically omits a negligence per se claim for violations of the FTC Act and HIPAA, he still states that "Defendant is required to comply with the HIPAA Privacy Rule … and [FTC] Security Rule." (Doc. 1, #11, No. 1:26-cv-93). Further, this omission may have been in error. The Complaint skips from Count I for negligence to Count III for breach of implied contract. (*See id.* at #24, 29).

practices. To be sure, the different named plaintiffs may have suffered different kinds of damage; for example, one may have experienced severe identity theft while others only suffered emotional distress from the prospect of such theft. But consolidation would still conserve resources by reducing duplicative production by Central States Dermatology and by saving judicial resources down the line. *See Cantrell*, 999 F.2d at 1011; *Club v. ICG Hazard, LLC*, No. 11-248, 2012 WL 12925351, at \*2 (E.D. Ky. Apr. 25, 2012) ("The prospect of preparing for two separate and largely duplicative trials would also significantly burden the parties and witnesses and tax judicial resources."). Additionally, all three cases are in their infancy; indeed, Central States Dermatology has not yet moved or answered in any of them. And Hamblin's and Bertsos's cases are currently stayed pending resolution of this motion. (3/27/26 Not. Order, No. 1:26-cv-93; 3/27/26 Not. Order, No. 1:26-cv-99). Beyond that, particularly because Central States Dermatology has not objected to this request, the Court sees little prejudice to Defendant. Overall, consolidation "will streamline the litigation of each case." *Troy Stacey Ents. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 408 (S.D. Ohio 2021). So the Court will consolidate the three actions.

Plaintiffs also request that the Court "order that any future actions that are filed or transferred to this Court based on the same or similar facts and circumstances be consolidated with the Consolidated Action." (Doc. 4, #52). Because subsequent cases involving the data breach will likely revolve around the same set of facts (the circumstances of breach and Defendant's policies) and same questions of liability (failure to protect the information), the Court grants that request. *See Troy Stacey*

*Ents.*, 337 F.R.D. at 411 (ordering "[a]ll related actions that are subsequently filed in, or transferred to this District, shall be consolidated into this action. This Order shall apply to every such related action and to all current or subsequently added parties, absent order of the Court.").

**B.      The Court Appoints Terence R. Coates as Interim Class Counsel.**

The Court next considers whether to designate Terence R. Coates as interim class counsel. (Doc. 4, #52–58). Federal Rule of Civil Procedure 23(g)(3) expressly addresses this issue: "The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Courts evaluate interim class counsel based on the same factors that would apply to class counsel later in the process under Rule 23(g)(1)(A). *Kjessler v. Zaappaz, Inc.*, No. 4:18-cv-430, 2018 WL 8755737, at *3 (S.D. Tex. Aug. 31, 2018) (citations omitted). In appointing class counsel, Rule 23(g)(1)(A) states that the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class.

Additionally, the Court "may consider any other matter pertinent to the counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

In the present motion, proposed class counsel first describes the various work he has already undertaken in pursuit of this action, including reviewing publications

detailing the data breach, evaluating state attorney generals' information regarding the breach, drafting and filing the relevant complaints, researching Sixth Circuit precedent involving data privacy, and coordinating with other counsel on this motion. (Doc. 4, #43). Essentially, he has performed all of the work necessary for the case at this early stage. Further, the Court has previously appointed Coates to act as class counsel in other class actions, including one involving a data breach, because he "is experienced in handling class actions, knowledgeable on the applicable law, and will ably discharge their duties as class counsel." *In re Cinfed Fed. Credit Union Data Breach Litig.*, No. 1:23-cv-776, 2024 WL 6076646, at *5 (S.D. Ohio Sep. 10, 2024); *see Compound Prop. Mgmt. LLC v. Built Realty, Inc.*, 343 F.R.D. 378, 413 (S.D. Ohio 2023). Here, Coates has also attached an exhibit attesting to his professional diligence and experience litigating complex data breach cases. (Doc. 4-1). For the final factor, Coates pledges that he "can, as needed, draw upon the skills and talents of experienced attorneys and staff members located locally and across the country [and otherwise] has the resources to fund and efficiently prosecute this litigation." (Doc. 4, #56). The Court sees no reason to doubt those assertions.

Beyond that, the Court notes again that Defendant has not opposed this motion, and the various named Plaintiffs and counsel have agreed to nominate Coates as interim class counsel. (*Id.*). Putting that all together, the Court **APPOINTS** Terence R. Coates from Markovits, Stock & DeMarco, LLC, to act as interim class counsel.

8

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Consolidate and Appoint Interim Class Counsel (Doc. 4). Therefore, the Court **APPOINTS** Terence R. Coates as interim class counsel. Further, *Hamblin v. Central States Dermatology Services, LLC*, No. 1:26-cv-93, and *Bertsos v. Central States Dermatology Services, LLC*, No. 1:26-cv-99, are consolidated with the earlier-filed case, *Maddox v. Central States Dermatology Services, LLC*, No. 1:26-cv-92. The Clerk is directed to re-caption the consolidated action as *Maddox, et al. v. Central States Dermatology Services, LLC, et al.* The filing of all pleadings and documents applicable to all actions shall be filed in 1:26-cv-92 (the "Consolidated Action"). The docket in No. 1:26-cv-92 shall be the master docket. Finally, the Court lifts the stay in all three cases and **ORDERS** Plaintiffs to file a Consolidated Amended Complaint within thirty days.

    **SO ORDERED.**

April 29, 2026
 **DATE**                               **DOUGLAS R. COLE**
                                       **UNITED STATES DISTRICT JUDGE**